**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR,<br>LLC<br><br>Defendants. | Civil Action No. 6:21-cv-01246-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC'S FIRST
AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS TO VOIP-PAL'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc.

("SEA"), and Samsung Austin Semiconductor, LLC ("SAS") (collectively, "Samsung") hereby

submit their First Amended Answer to the Original Complaint filed November 30, 2022

("Complaint") of Plaintiff VoIP-Pal.com, Inc. ("VoIP-Pal").  Samsung responds to each paragraph

of the Complaint as follows:

<u>**THE PARTIES**</u>

1.      Samsung lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 1 and therefore denies them.

2.      Samsung admits SEC is a corporation of the Republic of Korea and that it has a

place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Republic

of Korea.  Samsung admits the Republic of Korea is a signatory to the Hague Service Convention.

Samsung denies any remaining allegations in Paragraph 2.

3.      Samsung admits SEA is a corporation of New York with its principal place of

business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that the

percentage of ownership of SEA by SEC is one hundred percent (100%).  Samsung admits that

SEA is registered to do business in Texas and may be served with process through its registered

agent, CT Corp., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Samsung denies any

remaining allegations in Paragraph 3.

4.      Samsung denies that SAS is a Texas limited liability company.  Samsung admits

SAS is a limited liability company of Delaware with its principal place of business at 12100

Samsung Boulevard, Austin, Texas 78754.  Samsung admits SAS is registered to do business in

Texas, and it may be served with process through its registered agent, CT Corp., at 1999 Bryan

Street, Suite 900, Dallas, Texas 75201-3136.  Samsung denies any remaining allegations in

Paragraph 4.

5.      Samsung admits that SEC is involved in the manufacture, sale, and distribution of

certain Samsung-branded electronics that are ultimately sold in the U.S.  Samsung denies any

remaining allegations in Paragraph 5.

6.      Samsung admits SEA is a wholly owned subsidiary of SEC.  Samsung admits that

SEA is involved in the sales and distribution of certain Samsung-branded electronics in the U.S.

Samsung denies all remaining allegations in Paragraph 6.

7.      Samsung admits SAS makes semiconductor components, some of which are

exported outside of the United States.  Samsung denies all remaining allegations of Paragraph 7.

8.      Samsung admits that SEA imports certain Samsung-branded electronics in the U.S.

and distributes them to customers throughout the U.S., including carriers and retailers who may have certain locations in this District.  Samsung denies all remaining allegations of Paragraph 8.

9.      Samsung admits that SAS and SEA conduct and transact business in the State of Texas, in other places in the United States, and within this District.  Samsung denies all other allegations in Paragraph 9, and specifically denies that it has committed or is committing any act of patent infringement.

## JURISDICTION AND VENUE

10.      Samsung admits that VoIP-Pal purports to state a claim for patent infringement under 35 U.S.C. §§ 1, et seq., and this Court has subject matter jurisdiction over actions for patent infringement that arise under the federal patent laws of the United States under 28 U.S.C. §§ 1331 and 1338(a).   Samsung specifically denies any alleged infringement.   Samsung denies any remaining allegations in Paragraph 10.

11.      For purposes of this action only, Samsung does not dispute personal jurisdiction. Samsung further admits that SAS regularly conducts business in, and engages in other persistent courses of conduct in, this District and the State of Texas.  Samsung denies all other allegations in Paragraph 11, and specifically denies that it has committed or is committing any act of patent infringement.

12.      Denied.

13.      Denied.

14.      Samsung admits that SAS maintains a place of business within this District, and that a new semiconductor manufacturing facility is planned for Taylor, Texas.  Samsung denies all remaining allegations in Paragraph 14.

15.      Samsung admits that SAS has directly transacted business in, and has a regular and

established place of business in this District; and that SEC is a foreign corporation.  Samsung admits that for purposes of this action only, venue in this Court as to SEC is proper, but denies that this is a convenient forum under, among others, the doctrine of forum non conveniens.  Samsung denies any remaining allegations in Paragraph 15 and specifically denies that it has committed or is committing any act of patent infringement.

## BACKGROUND OF THE TECHNOLOGY AND THE PATENTS-IN-SUIT

16.    Samsung admits that, on its face, U.S. Patent No. 8,630,234 (the "'234 patent") is titled "Mobile Gateway," is attached as Exhibit 1 to the Complaint, and that the '234 Patent purports to have issued on January 14, 2014.  Samsung denies any remaining allegations in Paragraph 16.

17.    Samsung admits that, on its face, U.S. Patent No. 10,880,721 (the "'721 patent") is titled "Mobile Gateway," is attached as Exhibit 2 to the Complaint, and that the '721 Patent purports to have issued on December 29, 2020.  Samsung denies any remaining allegations in Paragraph 17.

18.    Samsung admits that VoIP-Pal's Complaint refers to the '234 and '721 patents as the "Patents-in-Suit".  Samsung denies any remaining allegations in Paragraph 18.

19.    Samsung lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

20.    Samsung lacks knowledge or information sufficient to form a basis as to the allegations of this paragraph, and on that basis denies them.

21.    Samsung lacks knowledge or information sufficient to form a basis as to the allegations of this paragraph, and on that basis denies them.

22.    Samsung lacks knowledge or information sufficient to form a basis as to the

allegations of this paragraph, and on that basis denies them.

23.     Samsung admits that rotary telephone systems using point-to-point connections were first introduced in the early 20th century.  Samsung lacks knowledge or information sufficient to form a basis as to the remaining allegations of this paragraph, and on that basis denies them.

24.     Samsung admits that Public Switched Telephone Networks ("PSTN") were developed during the 20th century.  Samsung lacks knowledge or information sufficient to form a basis as to the remaining allegations of this paragraph, and on that basis denies them.

25.     Samsung admits that dual-tone multiple-frequency ("DTMF") telephone systems were developed in the second half of the 20th century.  Samsung lacks knowledge or information sufficient to form a basis as to remaining the allegations of this paragraph, and on that basis denies them.

26.     Samsung admits that E.164 is a telecommunications standard.  Samsung lacks knowledge or information sufficient to form a basis as to the remaining allegations of this paragraph, and on that basis denies them.

27.     Samsung admits that packets are conventional to the transmission of digital data including, inter alia, audio data.  Samsung lacks knowledge or information sufficient to form a basis as to the remaining allegations of this paragraph, and on that basis denies them.

28.     Samsung admits that the early computer networks that form the basis of today's internet were first introduced in the 1980's.  Samsung lacks knowledge or information sufficient to form a basis as to the remaining allegations of this paragraph, and on that basis denies them.

29.     Samsung admits that digital cellular networks expanded commercially in the 1990's.  Samsung specifically denies that the Patents-in-Suit disclose and claim distinct manners of mobile call routing.  Samsung lacks knowledge or information sufficient to form a basis as to

the remaining allegations of this paragraph, and on that basis denies them.

30.    Samsung lacks knowledge or information sufficient to form a basis as to the allegations of this paragraph, and on that basis denies them.

31.    Samsung specifically denies that the Patents-in-Suit describe novel systems, apparatuses, and methods.  Samsung lacks knowledge or information sufficient to form a belief about the truth of all remaining allegations in this paragraph, and on that basis denies them.

## OVERVIEW OF THE ACCUSED INSTRUMENTALITIES

32.    Denied.

33.    Samsung admits that SEC makes and sells electronic devices including computers, tablets, smartphones and other mobile devices that permit placing and receiving calls.  These products include the Galaxy S10, Galaxy S20 Ultra 5G, and Galaxy S20+ 5G branded smartphones identified in Exhibits 3 and 4 to the complaint (the "Samsung Products") and that SEA imports into the U.S. and sells Samsung Products in the U.S.  Samsung denies all remaining allegations in Paragraph 33.

34.    Samsung admits that the Samsung Products support communication, including Voice over Wi-Fi, when used with participating wireless carriers.  Samsung denies all remaining allegations in Paragraph 34.

35.    Samsung admits that the Samsung Products are capable of operating outside of a wireless carrier's network.  Samsung denies all remaining allegations in Paragraph 35.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Samsung admits that VoIP-Pal's Complaint states that it refers to the Samsung Calling System as the Accused Instrumentality or Accused Instrumentalities.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 8,630,234**

46.     Samsung incorporates by reference its answers to Paragraphs 1-45.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Samsung admits that SEA received a letter from VoIP-Pal dated December 18, 2015 that included the '234 patent in an attached listing of U.S. patents and applications.  Samsung admits that SEA notified SEC on or about January 11, 2016 of said letter.  Samsung denies all remaining allegations in Paragraph 50.

51.     Samsung admits that it received notice of the '234 Patent on or shortly after the November 30, 2021 filing date of the VoIP-Pal Complaint.   Samsung denies all remaining allegations in Paragraph 51.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Samsung admits that SEA imports, offers to sell, and sells certain consumer

electronic devices in the United States, including the Samsung Products.  Samsung denies all remaining allegations in Paragraph 55.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

## COUNT 2
## INFRINGEMENT OF U. S. PATENT NO. 10,880,721

62.     Samsung incorporates by reference its answers to Paragraphs 1-61.

63.     Denied.

64.     Denied.

65.     Samsung admits that SEA received a letter from VoIP-Pal dated December 18, 2015 that included Appln. No. 14/035806 in an attached listing of U.S. patents and applications. Samsung admits that SEA notified SEC on or about January 11, 2016 of said letter.  Samsung denies all remaining allegations in Paragraph 50.

66.     Samsung admits that it received notice of the '721 Patent on or shortly after the November 30, 2021 filing date of the VoIP-Pal Complaint.   Samsung denies all remaining allegations in Paragraph 66.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Samsung admits that SEA imports certain electronic devices, including the

Samsung Products, and distributes them to customers throughout the United States, including carriers and retailers.  Samsung denies all other allegations in Paragraph 70.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

## RESPONSE TO JURY DEMAND

To the extent a response is required, Samsung admits that VoIP-Pal's Complaint contains a request for a jury trial.

## RESPONSE TO PRAYER FOR RELIEF

To the extent a response is required, Samsung denies that VoIP-Pal is entitled to any of the relief requested in Paragraphs (a)-(i) of the Prayer for Relief or to any other relief.

## GENERAL DENIAL

78.     Samsung denies every allegation in the Complaint that was not specifically admitted above.

## SAMSUNG'S AFFIRMATIVE AND OTHER DEFENSES

79.     Further to the responses above, Samsung alleges and asserts the following defenses, including affirmative defenses as to which Samsung undertakes the burden of proof only to the extent such defenses are deemed affirmative defenses by law.

### FIRST DEFENSE - FAILURE TO STATE A CLAIM

80.     VoIP-Pal's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE - NON-INFRINGEMENT

81.     Samsung has not directly, indirectly, jointly, or otherwise infringed (literally or under the doctrine of equivalents) any valid and enforceable claim of the allegedly infringed patents ("the Asserted Patents") as properly construed.  If the claims at issue are interpreted so broadly as to read on any accused product, Samsung has not infringed any such claim of the patent under the Reverse Doctrine of Equivalents.

### THIRD DEFENSE - INVALIDITY

82.     The claims of the Asserted Patents are invalid and/or unpatentable for failure to comply with the requirements of 35 U.S.C. §§ 100 *et seq*., including but not limited to, §§ 101, 102, 103, 112, 116, and/or 120 because, for example, the alleged invention thereof lacks utility; is taught by, suggested by, and/or obvious in view of, the prior art; is not adequately supported or enabled by the written description of that patented invention; and/or the claims are indefinite and/or directed to an abstract idea or other non-statutory subject matter.

### FOURTH DEFENSE – LACK OF STANDING

83.     Upon information and belief, VoIP-Pal lacks standing to assert the Asserted Patents.

### FIFTH DEFENSE - PROSECUTION HISTORY ESTOPPEL

84.     Based on the proceedings before the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that ultimately issued as the Asserted Patents and/or the application(s) to which the Asserted Patents claim priority, VoIP-Pal has disclaimed and/or disavowed the full scope of the allegedly infringed claims of the Asserted

Patents and, as such, is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by Samsung.

### SIXTH DEFENSE - ENSNAREMENT

85.     To the extent that VoIP-Pal claims infringement of one or more claims of the Asserted Patents under the doctrine of equivalents, VoIP-Pal's claims are barred under the ensnarement doctrine, which prohibits VoIP-Pal from asserting an infringement theory under the doctrine of equivalents that encompasses, or "ensnares," the prior art.

### SEVENTH DEFENSE – LACK OF KNOWLEDGE

86.     VoIP-Pal's claims for damages are limited and/or barred, in part or in whole, because Samsung is not liable for damages for acts alleged to have been performed before Samsung received adequate notice of the Asserted Patents.

### EIGHTH DEFENSE – LICENSE AND EXHAUSTION

87.     VoIP-Pal's claims of patent infringement are barred to the extent that the alleged infringement is licensed or otherwise authorized. VoIP-Pal's claims of patent infringement are also barred to the extent that VoIP-Pal has exhausted its rights and remedies as to the alleged infringement.

### NINTH DEFENSE - DAMAGES AND COST LIMITATIONS

88.     On information and belief, VoIP-Pal's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288. VoIP-Pal's right to seek damages and costs is further limited and/or barred, in whole or in part, by 28 U.S.C. § 1498.

### TENTH DEFENSE - ACTIONS OF OTHERS

89.     The claims made in the Second Amended Complaint are barred, in whole or in part,

because Samsung is not liable for the acts of others over whom it has no control.

## ELEVENTH DEFENSE - NO CAUSATION

90.    VoIP-Pal's claims against Samsung are barred because VoIP-Pal's damages, if any, were not caused by Samsung.

## TWELFTH DEFENSE – NO EXCEPTIONAL CASE

91.    VoIP-Pal cannot prove that this is an exceptional case justifying an award of attorney fees against Samsung under 35 U.S.C. § 285 or otherwise.

## RESERVATION OF ADDITIONAL DEFENSES

92.    Samsung reserves the right to amend, supplement, and/or assert additional affirmative defenses which may be developed through discovery in this action.

## SAMSUNG'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim-Plaintiffs Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Austin Semiconductor, LLC ("SAS") (collectively, "Samsung"), for their counterclaims against Counterclaim-Defendant VoIP-Pal, state as follows:

## THE PARTIES

1.    SEC is a corporation of the Republic of Korea with a place of business located at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Republic of Korea.

2.    SEA is a corporation of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

3.    SAS is a corporation of Delaware with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754.

4.    Based on Paragraph 1 of the Complaint, VoIP-Pal claims to be a Nevada

corporation with its principal place of business located at 7215 Bosque Boulevard, Waco, Texas 76710.

## JURISDICTION AND VENUE

5.      These Counterclaims arise under the United States Patent Act, 35 U.S.C. §1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

6.      In Paragraph 19 of the Complaint, VoIP-Pal contends that it is the owner of all rights, title, and interest in and to U.S Pat. No. 8,630,234 (the "'234 patent") and U.S Pat. No. 10,880,721 (the "'721 patent") (together, the "Asserted Patents").

7.      Through its Complaint, VoIP-Pal charges Samsung with infringement of one or more claims of the Asserted Patents. Thus, VoIP-Pal has submitted itself to the jurisdiction of this Court, has created an actual case or controversy between the parties, and has asserted that venue is proper in this Court.

8.      This Court has personal jurisdiction over VoIP-Pal due at least to its submission to the jurisdiction of this Court through the filing of its Second Amended Complaint against Samsung.

9.      Subject to and without waiving Samsung's position that venue is improper and, in the alternative, that this is not a convenient forum under, among others, the doctrine of *forum non conveniens*, venue is proper in this Court with respect to the following Counterclaims pursuant to 28 U.S.C. § 1391 and/or 1400(b), at least because VoIP-Pal filed its Complaint against Samsung in this District.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '234 PATENT**

10.     Samsung incorporates by reference Paragraphs 1-9 of these Counterclaims together with the answers to Paragraphs 1-92 of VoIP-Pal's Complaint for Patent Infringement.

11.     On November 30, 2021, VoIP-Pal filed a Complaint naming SEC, SEA, and SAS as defendants.

12.     VoIP-Pal's Complaint alleges that VoIP-Pal owns the '234 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '234 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

13.     Samsung denies that it has infringed or is infringing any valid and enforceable claim of the '234 Patent whether directly, indirectly, literally or under the doctrine of equivalents, jointly, willfully, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products, or by the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to certain products, or any other acts.  Samsung further denies that the accused Samsung products and services lack substantial non-infringing uses to the '234 Patent.

14.     The accused Samsung products and services do not infringe, and have not infringed, any claims of the '234 Patent at least because, for example, none of the accused Samsung products and services meet or embody the limitations of an "access code request message . . . transmitted to an access server to seek an access code from a pool of access codes," "each access code in [the] pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address," "each access code in [the] pool of access codes . . . enables a local call to be made to call

the callee identified by the callee identifier," "access code request message including said callee identifier and a location identifier separate and distinctive from said callee identifier," "[the] access code reply message including an access code different from said callee identifier and associated with said location identifier and/or associated with a location pre-associated with the mobile telephone," and "[the] access code expires after a period of time," as required by exemplary asserted claim 20 of the '234 Patent.  Nor, for example, do the accused Samsung products and services meet or embody the limitations of "receiving from the mobile telephone an access code request message," "producing an access code identifying a communication channel based on said location identifier and/or based on a location pre-associated with the mobile telephone," "producing an access code . . . wherein producing said access code comprises selecting said access code from a pool of access codes," "wherein each access code in said pool of access codes identifies a respective telephone number or Internet Protocol (IP) network address," and "transmitting an access code reply message including said access code, to the mobile telephone," as required by exemplary asserted claim 30 of the '234 Patent.

15.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and VoIP-Pal regarding VoIP-Pal's allegations of infringement of the '234 Patent.

16.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that Samsung has not infringed, and currently does not infringe, any valid and enforceable claim of the '234 Patent whether directly, indirectly, literally or under the doctrine of equivalents, jointly, willfully, or in any other manner.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '721 PATENT

17.     Samsung incorporates by reference Paragraphs 1-15 of these Counterclaims

together with the answers to Paragraphs 1-92 of VoIP-Pal's Complaint for Patent Infringement.

18.     On November 30, 2021, VoIP-Pal filed a Complaint naming SEC, SEA, and SAS as defendants.

19.     VoIP-Pal's Complaint alleges that VoIP-Pal owns the '721 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '721 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

20.     Samsung denies that it has infringed or is infringing any valid and enforceable claim of the '721 Patent whether directly, indirectly, literally or under the doctrine of equivalents, jointly, willfully, or in any other manner through the making, using, selling, offering for sale, and/or importing certain products, or by the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to certain products, or any other acts.  Samsung further denies that the accused Samsung products and services lack substantial non-infringing uses to the '721 Patent.

21.     The accused Samsung products and services do not infringe, and have not infringed, any claims of the '721 Patent at least because, for example, none of the accused Samsung products and services meet or embody the limitations of an "access code request message including the destination node identifier and a location identifier identifying a geographical location of the wireless apparatus," "the access code identifying a communications channel on a gateway through which communications between the wireless apparatus and the destination node can be conducted," "the access code being distinct from the destination node identifier" and "initiate communications . . . between the wireless apparatus and the destination node through the communications channel identified by the access code," as required by exemplary asserted claim

38 of the '721 Patent.

22.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and VoIP-Pal regarding VoIP-Pal's allegations of infringement of the '721 Patent.

23.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that Samsung has not infringed, and currently does not infringe, any valid and enforceable claim of the '721 Patent whether directly, indirectly, literally or under the doctrine of equivalents, jointly, willfully, or in any other manner.

**COUNT III**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '234 PATENT**

24.     Samsung incorporates by reference Paragraphs 1-21 of these Counterclaims together with the answers to Paragraphs 1-92 of VoIP-Pal's Complaint for Patent Infringement.

25.     On November 30, 2021, VoIP-Pal filed a Complaint naming SEC, SEA, and SAS as defendants.

26.     VoIP-Pal's Complaint alleges that VoIP-Pal owns the '234 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '234 Patent by making, using, selling, offering for sale, and/or importing in or into the United States certain products.

27.     One or more claims of the '234 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '234 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung can ascertain its rights and duties with respect to the '234 Patent.  Samsung

has no adequate remedy at law.

28.     In particular, the claims of the '234 Patent are directed to unpatentable subject matter and are thus invalid under 35 U.S.C. § 101 at least because they are directed to abstract ideas of gathering and processing information, *i.e.*, the abstract idea of routing a call based on characteristics of the caller and callee.

29.     Additionally, the claims of the '234 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 in light of conventional networking and data processing techniques and the prior art that was publicly available prior to the earliest priority date that the '234 Patent is entitled to. For example, in addition to the admitted prior art disclosed by the specification of the '234 Patent, relevant prior art taught systems and methods for providing local access codes for use in configuring and establishing voice over internet protocol communications, in particular, the use of client-provided location information used as part of routing decisions. *See, e.g.*, U.S. Appl. No. 2008/0167039 at [0008] ("In an embodiment, a method of providing a local access number to a subscriber may include receiving subscriber locale information indicating a location of a subscriber, mapping the subscriber locale information to one or more local access numbers, identifying, from the one or more local access numbers, a local access number corresponding to the subscriber locale information and transmitting the identified local access number to the subscriber's mobile device."); U.S. 7,668,159 at 6:31-43 ("Based on the foregoing, those skilled in the art will appreciate that when the call information, i.e. called party's SIP URI or Tel URI, call reference number, etc. is sent by the UE device to the serving AS node, appropriate logic at the AS node may create a record that maps the received call information to an E.164-based IMRN, which is transmitted back to the UE device. Upon correlating the IMRN with the call reference number, the UE sets up a call using the IMRN that terminates on the AS node. The IMRN is then

interrogated against the record to retrieve the called party's URI for establishing a SIP session with the called party (*i.e.* between the calling party (UE device) identified by the A-party address and the called party identified by the B-party address).").

30.     Moreover, the claims of the '234 Patent are invalid at least because they fail to meet the definiteness, enablement, and written description requirements of 35 U.S.C. § 112 because the claims fail to particularly point out and distinctly claim the subject matter that the inventors regarded as the invention, the specification fails to sufficiently inform those skilled in the relevant art how to make and use the purported invention, and also because the '234 Patent, as a whole, fails to disclose adequate information to demonstrate that the inventors were in possession of the claimed invention.

31.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and VoIP-Pal regarding the validity of the '234 Patent.

32.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that one or more claims of the '234 Patent is invalid.

## COUNT IV

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '721 PATENT

33.     Samsung incorporates by reference Paragraphs 1-27 of these Counterclaims together with the answers to Paragraphs 1-92 of VoIP-Pal's Complaint for Patent Infringement.

34.     On November 30, 2021, VoIP-Pal filed a Complaint naming SEC, SEA, and SAS as defendants.

35.     VoIP-Pal's Complaint alleges that VoIP-Pal owns the '721 Patent and holds the rights to sue and recover damages for infringement thereof, and further accuses Samsung of infringing the '721 Patent by making, using, selling, offering for sale, and/or importing in or into

the United States certain products.

36.     One or more claims of the '721 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120.  A judicial declaration that one or more of the claims of the '721 Patent are invalid and/or unenforceable because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Samsung can ascertain its rights and duties with respect to the '721 Patent.  Samsung has no adequate remedy at law.

37.     In particular, the claims of the '721 Patent are directed to unpatentable subject matter and are thus invalid under 35 U.S.C. § 101 at least because they are directed to abstract ideas of gathering and processing information, *i.e.*, the abstract idea of routing a call based on characteristics of the caller and callee.

38.     Additionally, the claims of the '721 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 in light of conventional networking and data processing techniques and the prior art that was publicly available prior to the earliest priority date that the '721 Patent is entitled to. For example, in addition to the admitted prior art disclosed by the specification of the '721 Patent, relevant prior art taught systems and methods for providing local access codes for use in configuring and establishing voice over internet protocol communications, in particular, the use of client-provided location information used as part of routing decisions.  *See, e.g.*, U.S. Appl. No. 2008/0167039 at [0008] ("In an embodiment, a method of providing a local access number to a subscriber may include receiving subscriber locale information indicating a location of a subscriber, mapping the subscriber locale information to one or more local access numbers, identifying, from the one or more local access numbers, a local access number corresponding to

the subscriber locale information and transmitting the identified local access number to the subscriber's mobile device."); U.S. 7,668,159 at 6:31-43 ("Based on the foregoing, those skilled in the art will appreciate that when the call information, i.e. called party's SIP URI or Tel URI, call reference number, etc. is sent by the UE device to the serving AS node, appropriate logic at the AS node may create a record that maps the received call information to an E.164-based IMRN, which is transmitted back to the UE device. Upon correlating the IMRN with the call reference number, the UE sets up a call using the IMRN that terminates on the AS node. The IMRN is then interrogated against the record to retrieve the called party's URI for establishing a SIP session with the called party (*i.e.* between the calling party (UE device) identified by the A-party address and the called party identified by the B-party address).").

39.     Moreover, the claims of the '234 Patent are invalid at least because they fail to meet the definiteness, enablement, and written description requirements of 35 U.S.C. § 112 because the claims fail to particularly point out and distinctly claim the subject matter that the inventors regarded as the invention, the specification fails to sufficiently inform those skilled in the relevant art how to make and use the purported invention, and also because the '234 Patent, as a whole, fails to disclose adequate information to demonstrate that the inventors were in possession of the claimed invention.

40.     Accordingly, a valid and justiciable controversy has arisen and exists between Samsung and VoIP-Pal regarding the validity of the '721 Patent.

41.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Samsung is entitled to a declaratory judgment that one or more claims of the '721 Patent is invalid.

## JURY DEMAND

Samsung hereby demands a trial by jury as to all fact issues related to these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully requests that this Court enter a judgment on the Second Amended Complaint granting the relief set forth below:

a)      Declaratory judgment that Samsung has not infringed, directly or otherwise, any claim of the Asserted Patents;

b)      Declaratory judgment that the claims of the Asserted Patents are invalid;

c)      Dismissal with prejudice of VoIP-Pal's Complaint;

d)      Denial of all relief sought by VoIP-Pal;

e)      Judgment in favor of Samsung and against VoIP-Pal;

f)      Judgment that this an exceptional case under 35 U.S.C. § 285 and/or other applicable laws, and awarding Samsung its attorneys' fees and costs incurred in connection with this action; and

g)      Judgment awarding Samsung such other relief as this Court may deem just and proper.

Date: May 3, 2022

Respectfully submitted,

*/s/  Syed K. Fareed*

Syed Fareed (SBN: 24065216)
syed.fareed@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
Suite 1500
Austin, TX 78701-4078
Tel: (512) 322-2500
Fax: (512) 322-2501

Neil P. Sirota (*pro hac vice*)
neil.sirota@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2500
Fax: (212) 408-2501

Mark H. Johnson (*pro hac vice*)
mark.johnson@bakerbotts.com
Baker Botts LLP
2001 Ross Ave
Suite 900
Dallas, TX 75201
Tel.: (214) 953-6845
Fax: (214) 661-4845

*Attorneys for Defendants Samsung
Electronics Co., Ltd., Samsung Electronics
America, Inc., and Samsung Austin
Semiconductor, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 3rd day of May, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/  Syed K. Fareed*